[Civ. No. 10855.  Second Appellate District, Division Two.—March 19, 1936.]

A. F. ANDERSON ESTATE, INC. (a Corporation), et al., Appellants, v. H. A. PAYNE, County Auditor, etc., et al., Respondents.

Holbrook, Taylor, Tarr & Reed, Allard, Holbrook & White, Joseph A. Allard, Jr., Dana C. Smith and W. Sumner Holbrook, Jr., for Appellants.

Everett W. Mattoon, County Counsel, and Gordon Boller, Deputy County Counsel, for Respondents.

CRAIL, P. J.—This case was transferred to us by the Supreme Court.  The plaintiffs petitioned the superior court

for a writ of mandate to compel the modification of the assessor's 1933 assessments of certain property in the county of Los Angeles and to have lower valuations substituted therefor. The county auditor and county tax collector were made defendants, and the prayer of the petition was that they be directed to enter valuations different from those certified to them by the board of equalization. A full and complete transcript of the hearings before the board of equalization containing 652 pages was made a part of the plaintiffs' petition for a writ. It is the plaintiffs' claim that the action of the board of equalization in denying their applications when presented to that body amounted to constructive fraud and therefore it would become the duty of the tax collector, as soon as such should be determined to be the case by the court, to act in accordance with the *legal* effect of the evidence before the board of review.

The appeal is from a judgment of the superior court entered against the plaintiffs upon an order sustaining a demurrer without leave to amend. It is the contention of the plaintiffs that the questions of fact presented to the board of equalization are undisputed, that the evidence is uncontradicted and subject to only one reasonable interpretation, which interpretation they contend is favorable to plaintiffs. By reason of the peculiar turn which the petition took, arising out of the fact that all the evidence which was taken at the hearings of the board of equalization was made a part of the petition, we have the anomalous situation before us of reviewing the legal effect of a mass of evidence in order to determine the correctness of a ruling upon demurrer.

The same situation arose in the case of *Rittersbacher* v. *Board of Supervisors,* 220 Cal. 535 [32 Pac. (2d) 135], which case was almost on all fours with the case herein. The chief difference between that case and this is that whereas we have the full testimony of the county assessor in this case as a part of the petition, in that case the court had before it all the testimony of plaintiffs' witnesses but only a written report of the county assessor. This is a distinction without a difference, except that the testimony of the assessor in the instant case is probably more contradictory to plaintiffs' contentions. In any event it contains substantial contradictions thereto. In that case the court said: ''On the appeal from

the judgment it is contended that the petition for the writ of *mandamus*, together with the exhibits attached thereto, shows that the uncontradicted evidence before the board of equalization, at the time the petitions for equalization were denied, proved that the assessor had wilfully adopted and deliberately pursued an erroneous and discriminatory and inequitable method of assessing different classes of property which resulted in excessively inequitable valuations of the property of the plaintiffs, and therefore that the peremptory writ should have been granted.''

The court further said: ''If the plaintiffs were to prevail in this consolidated proceeding the result would be to invalidate practically the entire assessment-roll of Los Angeles County for the year 1933. Such a result may not lightly be contemplated and should not be adjudged except upon a clear showing of 'fraud or something equivalent of fraud' on the part of the assessing authorities such as appearing in *Mahoney* v. *City of San Diego,* 198 Cal. 388 [245 Pac. 189], and *Southern Pac. Land Co.* v. *San Diego County,* 183 Cal. 543 [191 Pac. 931]. No actual fraud or improper motives on the part of the assessing authorities is charged or intimated. If the plaintiffs are to succeed they must make a showing of action on the part of the assessor such as would constitute an arbitrary and wilful disregard of the law intended for his guidance and be a constructive fraud upon them. (Citing cases.) The allegations of the petition are not in themselves sufficient if there is attached to and made a part of the petitions documentary evidence which would counteract and destroy the effect of the allegations.''

In that case the court examined the plaintiffs' petition, including the evidence which was made a part thereof, and decided that the allegations of the petition were not sustained by the evidence which was made a part thereof and thereupon treated the pleaders' allegations and conclusions as mere surplusage.

We have examined the record before the board of equalization in this case and find, as the Supreme Court said in the Rittersbacher case, that we are not justified in declaring ''that the rules described and methods pursued by the assessor were so unlawful, discriminatory and inequitable as to constitute a constructive fraud on the owners of real

estate''. We conclude that the demurrers were properly sustained.

Judgment affirmed.

Wood, J., and McComb, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 1, 1936, and an application by appellants to. have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 18, 1936.